Moyer, C.J.,
dissenting.
{¶ 23} I respectfully dissent from the sanction imposed on respondent by the majority. For the reasons that follow, I would suspend respondent for one year and stay six months of the suspension on condition that she engage in no further misconduct.
I
Erroneous Dismissal of Count I
{¶ 24} The board dismissed Count I of relator’s complaint. Count I alleged facts that, if true, warrant the conclusion that respondent lied to the bar association in a ■written response to a disciplinary grievance filed against her in *21 2000 and that, to support that lie, she provided the bar association with evidence she knew to be misleading at best, i.e., an affidavit that had been executed by her legal assistant.
{¶ 25} In correspondence related to that grievance, respondent stated that a former client had, in fact, been “given copies of all papers in her file” at her request. To support that assertion, respondent provided the bar association with an affidavit executed by her legal assistant representing that the assistant had “prepared a complete photocopy of [the former client’s] domestic relations file, and left it at the front desk for [the former client] to pick up” in January 1999. The legal assistant averred in her affidavit that she assumed that the file had been “picked up by [the former client] as it is no longer at the front desk.”
{¶ 26} If the majority views the first count of the complaint as constituting a charge that respondent solicited the execution of a false affidavit, then the board’s dismissal of Count I arguably is justified. The respondent testified that she did not ask the legal assistant to prepare the affidavit (although she did declare that she felt justified in supplying the bar association with the affidavit because its contents reflected “what Jennifer told [her] to be true”). The legal assistant testified that the respondent had asked her to prepare the false affidavit. In view of the board’s conclusion that the legal assistant lacked credibility, the relator did not provide clear and convincing evidence to rebut respondent’s testimony that she did not ask the legal assistant to execute a false affidavit.
{¶ 27} When the first count of the complaint is appropriately viewed more broadly, it is clear that the relator did establish, by clear and convincing evidence, that respondent had engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, even if the testimony of the legal assistant is disregarded for lack of credibility. The legal assistant’s affidavit, offered by the respondent, constitutes a representation by the respondent that the former client was presented with a complete copy of her file in January 1999.
{¶ 28} The record contains clear and convincing evidence that the respondent was well aware that the client had not received a copy of her file in January 1999. In December 1998, respondent wrote her client, indicating that she would provide a copy of the file only upon receipt of a check for $15,000. On February 23, 1999, subsequent to the time period referenced in the legal assistant’s affidavit, respondent wrote to the client’s new attorney, “If I receive a check of $3,000.00,1 will, immediately within 24 hours, turn over her file to you.” She added, “If I do not receive that token payment, you will not be receiving any files from my office.” In November 1999, respondent filed answers to interrogatories served upon her by her former client, whom she had sued for the payment of legal fees. In those answers, respondent asserted that she would not produce her former *22 client’s file because it “is too voluminous to copy, and also there is an attorney’s lien on this information.” She further answered, “The file is available for inspection at any time in my office. I will also make it available for the court hearing. However, I will not release it because of the lien.”
{¶ 29} Her representation to the bar that the former client had in fact received the file was clearly and convincingly proven to be “conduct involving dishonesty, fraud, deceit, or misrepresentation” in violation of DR 1-102(A)(4). Therefore, I do not believe the board should have dismissed Count I of the complaint.
II
Sanction
{¶ 30} Respondent acknowledges that she engaged in a deceptive practice while deposing her former legal assistant during the course of the bar association’s disciplinary investigation of her. Yet she shows no remorse for that conduct. She continues to assert that her intentional use of deceit was justified and implies that it is perfectly appropriate to deceive a witness in the course of a deposition in order to “encourage” the witness to testify truthfully. She thus apparently believes that the ends (obtaining truthful testimony from a witness) justify the means (intentionally deceiving a witness).
{¶ 31} Respondent affirmatively argues that it was appropriate to intentionally create a false impression in the mind of the deposition witness, her former legal assistant, because the witness herself had been untruthful in the past. She asserts that attorneys frequently engage in competitive endeavors “no different” from other activities in which “two opposing sides vie for victory” and characterizes her actions as meeting “fire with fire.” She analogizes litigation to a game of poker, in which “bluffs” are commonly employed.
{¶ 32} In my view, however, attorneys must be held to ethical standards higher than those expected of poker players. Attorneys are not justified in employing deception even when they believe that the person with whom they are dealing is untruthful. Were we to condone such conduct, the practice of law would likely quickly slide to the lowest levels of ethical behavior. The maxim taught us as children remains valid: two wrongs do not make a right.
{¶ 33} The board recommended that respondent be suspended for a period of one year, with six months of the suspension to be stayed on condition that she engage in no further misconduct. I agree with that recommendation. I believe that the mitigation cited by the majority is counterbalanced by the respondent’s failure to appreciate the wrongfulness of her conduct. The sanction imposed by *23 the majority sends the wrong message to the bar and to the public. I would adopt the recommendation of the board.
Clements, Mahin & Cohen, L.L.P., and William E. Clements; Rendigs, Fry, Kiely & Dennis, L.L.P., and Carolyn A. Taggart, for relator.
Timothy A. Smith and Lester S. Potash, for respondent.
F.E. Sweeney, J., concurs in the foregoing dissenting opinion.